UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Western Division)

|  |  |
|---|---|
| In re:<br><br>GKS CORPORATION<br><br>                Debtor. | )<br>)<br>)   Chapter 11<br>)<br>)   Case No. 19-30998-EDK<br>)<br>) |

## WESTFIELD BANK'S OBJECTION TO MOTION OF UNITED STATES TRUSTEE FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE

Secured creditor and DIP lender Westfield Bank (the "Bank") objects to the appointment of a Chapter 11 trustee in this case. Such an appointment is not warranted as there is neither cause for a trustee under 11 U.S.C. § 1104(a)(1), nor would appointment of a trustee be in the interest of creditors or any other interests of the estate under 11 U.S.C. § 1104(a)(2). In fact, appointing a trustee would serve only to (i) increase uncertainty to all interested parties, (ii) increase the costs to the estate, and (iii) impose unnecessary delays to the proceeding, all without providing any countervailing benefit.

The United States Trustee (the "US Trustee") says there is "cause" for a trustee because of the gross mismanagement and incompetence of the Debtor's prior management. It also says appointing a trustee would be in the interest of creditors. There is no justification for a trustee at this point under either prong of 11 U.S.C. § 1104(a), and the Court should deny the Motion.

**A.  The US Trustee has not demonstrated cause for a trustee under 11 U.S.C. § 1104(a)(1).**

The moving party bears the burden of demonstrating cause to appoint a trustee.[1] *In re Lopez-Munoz*, 866 F.3d 487, 496-97 (1st Cir. 2017).  A strong presumption exists against the appointment of a trustee because a debtor should be permitted to obtain a fresh start absent cause.  *Id.*; *see also In re Eichorn*, 5 B.R. 755 (Bankr. D. Mass. 1980) (Chapter 11 presumes that debtor will remain in possession and continue to manage its affairs).  Appointment is therefore an extraordinary act that is employed only as a last resort.  *In re Lopez-Munoz*, 866 F.2d at 497 (court upheld denial of appointment of trustee despite debtor's allegedly fraudulent prepetition transfers); *In re Bayou Group, LLC*, 564 F.3d 541 (2nd Cir. 2009) (court upheld denial of US Trustee's motion seeking to replace previously appointed receiver/corporate manager with trustee); *In re G-I Holdings, Inc.*, 295 B.R. 502 (D.N.J. 2003) (court upheld denial of motion to appoint trustee despite allegations of self-interest of debtor's principal).

Courts recognize that every bankruptcy case likely carries with it prepetition mismanagement.  *In re Crescent Beach Inn, Inc.*, 22 B.R. 155 (Bankr. D. Maine 1982) *citing* 5 Collier on Bankruptcy P 1104.01 at 1104-21 (15th ed. 1982) ("some degree of mismanagement exists in virtually every insolvency case. The philosophy of Chapter 11 is to give the debtor a 'second chance'....").  The Debtor's engagement of OnePoint Partners, LLC ("OnePoint") has removed the risk of mismanagement during this proceeding.

---

[1] The US Trustee asserts that it need only show cause by a preponderance of the evidence, citing *Tradex Corporation v. Morse*, 339 B.R. 823 (D. Mass. 2006).  However, the First Circuit has expressly declined to state whether the appropriate standard to assess § 1104(a) motions is by a preponderance of the evidence or clear and convincing evidence.  *In re Lopez-Munoz*, 866 F.3d 487, 497 n.5 (1st Cir. 2017) (court need not resolve the standard issue because movant failed to meet either standard).  The majority of jurisdictions to have considered the issue have held that clear and convincing evidence must be shown.  *Tradex*, 339 B.R. at 829 (recognizing clear and convincing standard as majority position).

In seeking to establish cause for the Debtor's prepetition management's alleged gross mismanagement, the US Trustee misses the forest by focusing on the trees. It references the very shortcomings of prior management that led them to engage OnePoint over a year ago to try to turn the Debtor around. There is no dispute that OnePoint's appearance on the scene was welcomed by the constituents in this case, including the residents of The American Inn who are most affected by this proceeding. The Bank, as both the prepetition secured lender and the Debtor's DIP lender, has attained a level of confidence in OnePoint that convinced it to lend money to the Debtor to allow OnePoint to try to restructure the Debtor. Since the inception of OnePoint's management in 2018, its financial reporting has been consistent and timely; it has fulfilled the commitments it has made to the Bank; and it has presented a preliminary restructuring plan reconfiguring the property into a condominium project.

Against this backdrop, the US Trustee suggests that OnePoint is not subject to the fiduciary duties attendant to a debtor in possession even though it offers no evidence or cause for concern regarding OnePoint. This contention ignores OnePoint's status as an agent of the Debtor, which is subject to a fiduciary standard. *See also In re Antioch Co.*, 456 B.R. 791, 865 n.37 (Bankr. S.D. Ohio 2011) (chief restructuring officer owes fiduciary duty to debtor); *In re SII Liquidation Co.*, 2014 WL 5325930 *8 (Bankr. N.D. Ohio 2014) (citing *Rome v. Braunstein,* 19 F.3d 54, 58 (1st Cir.1994) (professionals such as restructuring advisors employed under 11 U.S.C. § 327 owe fiduciary duty to the estate). It also overlooks that OnePoint remains subject to the rigorous oversight of the US Trustee, the Creditors' Committee, and this Court. The Bank also has a vested interest in keeping a watchful eye on OnePoint and the progress of the case generally. The US Trustee has not alleged any evidence of mismanagement or incompetence by

OnePoint. *See In re Bayou Group, LLC*, 564 F.3d at 547 n.3 (court focuses on the debtor's current management, not the misdeeds of past management, in considering whether to appoint a Chapter 11 trustee for cause).

Having failed to establish gross mismanagement, or any other cause, under either a preponderance or clear and convincing standard, the Court should deny the Motion and let the Debtor try to restructure under the guidance of an experienced and respected entity in the senior living and continuing care sector.

**B.     Appointing a Chapter 11 trustee is not in the best interest of the creditors.**

The US Trustee also asks the Court to exercise its discretion under 11 U.S.C. §1104(a)(2) to appoint a trustee, asserting that a trustee is in the interest of creditors and other interests of the estate. In arguing for appointment under this subsection, the US Trustee points only to the fact that there are unsecured creditors in this case who "deserve an independent party developing a reorganization strategy." Motion, ¶16. Every case has unsecured creditors. If this were a basis to appoint a trustee, it would completely eviscerate the strong presumption favoring a debtor in possession. The Creditors' Committee and its counsel will play a substantial role in this case. Moreover, the US Trustee again fails to cite any evidence that OnePoint has not fulfilled, and will not fulfill, its duties.

Nor has the US Trustee addressed, or even recognized, the additional administrative costs and delays that appointment of a trustee would impose in this case that is already operating under tight time and financial constraints. A trustee would indisputably add a layer of costs to the case, likely without eliminating the need for a management company like OnePoint. It would also require considerable time for a trustee to obtain a new management company and for both to

ramp up to speed, something that is completely unnecessary for OnePoint, which is thoroughly familiar with both The American Inn and the market due to its involvement for over a year. We are already over one month into a six month DIP loan. Further delay and expense will dramatically increase the Debtor's risk of failure, which negatively impacts the residents, the Bank, and all interested parties. As the *In re Bayou Group, LLC* court stated:

> In determining whether a § 1104 appointment is warranted or in the best interests of creditors, the bankruptcy court must bear in mind that the appointment of a trustee "may impose a substantial financial burden on a hard pressed debtor seeking relief under the Bankruptcy Code," by incurring the expenditure of "substantial administrative expenses" caused by further delay in the bankruptcy proceedings. 564 F.3d at 546-47 (2nd Cir. 2009).

*In re Crescent Beach Inn, Inc.*, 22 B.R. 155 (Bankr. D. Maine 1982) is also instructive in this regard. There, the Bankruptcy Court refused to appoint a trustee, finding that the current management was neither so incompetent nor guilty of gross mismanagement as to warrant a trustee, *and* that such an appointment would in fact be detrimental to the prospects for rehabilitation:

> Finally, the court believes that appointment of a trustee would not be in the best interests of all creditors. Appointment of a trustee would impose a substantial financial burden on an already hard pressed debtor, and could preclude an effective reorganization due to resulting administrative expenses. *** [citations omitted] There is evidence indicating that if the debtor is able to submit a feasible plan, then the largest secured creditors would be willing to work with current management in its effort to reorganize.

*Id.* at 160; *see also In re Eichorn*, 5 B.R. at 757 (court declined to appoint a trustee because, *inter alia*, the movant introduced no evidence that any other party could have performed better or more cheaply).

Such is the case here.  A successful reorganization is in the best interest of creditors and the estate.  The Bank has confidence that OnePoint and Debtor's counsel are better able than a newly-introduced trustee to put together a timely and effective plan of reorganization that will enhance the recovery of all constituents.  There is only uncertainty to the Bank, and other constituents, if an unknown trustee with an unknown management company and an unknown plan is introduced into the case.  The six month financing window will likely be closing before a new team is up to speed, let alone in a position to effectuate a plan.

The Court may utilize its broad equity powers to determine whether the appointment of a trustee would be in the best interests of creditors, equity security holders and other interests of the estate. *In re Eichorn*, 5 B.R. 755.  Here, a trustee is unquestionably *not* in the best interest of the creditors or the estate, and the Court should deny the Motion.

      WESTFIELD BANK,
      By its attorneys,

      /s/ *Gardner H. Palmer, Jr.*
      Joseph M. DiOrio (BBO # 638546)
      Gardner H. Palmer, Jr. (BBO #551935)
      DiOrio Law Office
      144 Westminster Street
      Suite 302
      Providence, RI  02903
      Tel: 401 632-0911
      jmdiorio@dioriolaw.com
      ghpalmer@dioriolaw.com

Date:   February 5, 2020