UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Western Division)

| | |
|---|---|
| In re: )<br>)<br>) | |
| GKS CORPORATION ) | Chapter 11 |
| ) | Case No. 19-30998-EDK |
| Debtor. ) | |
| ) | |

## ORDER CONFIRMING JOINT LIQUIDATING PLAN

GKS Corporation (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtor, the "Plan Proponents") having filed the Joint Liquidating Plan of the Debtor and the Official Committee of Unsecured Creditors dated January 11, 2021 [Doc. No. 239], as modified [Doc No. 284] (the "Plan"), and the related Disclosure Statement regarding the Plan [Doc. No. 240] (the "Disclosure Statement"); this Court, by Order entered March 1, 2021 [Doc. No. 273] (the "Disclosure Order"), having approved the Disclosure Statement and established deadlines and procedures governing the solicitation of acceptance of the Plan, the filing of objections to the Plan, and the hearing to consider confirmation of the Plan; April 7, 2021 at 4:00 p.m. having been fixed by the Disclosure Order as the deadline for (i) submission of ballots accepting or rejecting the Plan and (ii) filing of objections to the Plan; April 14, 2021 at 2:00 p.m. having been fixed by the Disclosure Order as the date and time of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") pursuant to Sections 1128 and 1129 of the Bankruptcy Code and Rule 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); counsel to the Debtor having attested to service on March 3, 2021 of the Disclosure Statement (with the Plan annexed as an exhibit), the Court-approved Notice of the Confirmation Hearing and related matters, and other Plan solicitation materials

approved by this Court pursuant to the Disclosure Order, including an appropriate form of ballot for creditors entitled to vote on the Plan, upon the Office of the United States Trustee, all parties asserting claims against the Debtor's estates, and all parties on the regular service list in this Chapter 11 case, which list includes all parties who have filed appearances and requested notice in this case, as evidenced by the Certificate of Service of Plan Solicitation Materials filed on March 8, 2021 [Docket No. 277] (the "Certificate of Service"); no objections to confirmation of the Plan having been filed by the April 7, 2021 deadline (or otherwise); the Debtor on April 8, 2021 having filed its Certificate Regarding Voting on Joint Liquidating Plan [Docket No. 282] (the "Voting Certificate"); the Plan Proponents having filed on April 13, 2021 their Memorandum of Law in Support of Confirmation of Joint Liquidating Plan [Docket No. 285] (the "Confirmation Memorandum"); having considered the Plan, the Disclosure Statement, the Certificate of Service, the Voting Certificate, the Confirmation Memorandum, and all of the evidence proffered and adduced and the arguments of counsel made at the Confirmation Hearing; upon consideration of the entire record of this Chapter 11 case; and after due deliberation and good cause appearing therefor, this Court makes the following findings of fact and conclusions of law:[1]

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

  A. This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. § 157(1) and 28 U.S.C. § 1334(a). Venue of these proceedings in this district is proper pursuant to 28 U.S.C. § 1408 and 28 U.S.C. § 1409.

---

[1] This Order constitutes this Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rule 7052 and Bankruptcy Rule 9014. Any finding of fact shall constitute a finding of fact even if it is stated as a conclusion of law and any conclusion of law shall constitute a conclusion of law even if it is stated as finding of fact when necessary and appropriate. Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Plan and the Disclosure Statement.

B.      Due, sufficient and adequate notice of the Plan and the Confirmation Hearing, together with the deadlines for voting on, and filing objections to, the Plan, has been given to all known holders of Claims in accordance with the procedures established by the Disclosure Order, and no other or further notice is required.  Holders of Claims entitled to vote on the Plan were provided sufficient time to cast their ballots to accept or reject the Plan.

C.      The solicitation of votes on the acceptance or the rejection of the Plan was conducted in good faith and complied with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the procedures established by the Disclosure Order, all other applicable provisions of the Bankruptcy Code, and all other applicable laws, rules and regulations.

D.      The procedures by which the ballots were distributed to holders of Claims and completed ballots were tabulated were fair, properly conducted and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Order, the local rules of this Court, and all other applicable laws, rules and regulations.

E.      As is evidenced by the Voting Certificate, at least two-thirds in amount and more than one-half in number of the holders of Allowed Claims in Class Five who timely and properly submitted ballots accepted the Plan.  Accordingly, Class Five has accepted the Plan.

F.      Classes One through Four are not impaired under the Plan and, therefore, are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code.

G.      Class Six (subordinated Claims) is receiving nothing under the Plan and accordingly is deemed not to have accepted the Plan pursuant to Section 1126(g) of the Bankruptcy Code.  Because there is no class junior to Class Six that is receiving or retaining any property pursuant to the Plan, the Plan is fair and equitable and satisfies the requirements of

Section 1129(b)(2)(B) as to Class Six.

  H. Class Seven (Interests) is receiving nothing under the Plan and accordingly is deemed not to have accepted the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Because there is no class junior to Class Seven that is receiving or retaining any property pursuant to the Plan, the Plan is fair and equitable and satisfies the requirements of Section 1129(b)(2)(C) as to Class Seven.

  I. The treatment under the Plan of Claims entitled to priority under Section 507(a) of the Bankruptcy Code complies with the provisions of Section 1129(a)(9) of the Bankruptcy Code.

  J. The rejection of executory contracts and unexpired leases in accordance with the provisions of Section 7 of the Plan satisfies the requirements of the applicable provisions of the Bankruptcy Code, including without limitation Section 365 of the Bankruptcy Code, and is authorized pursuant to Section 1123(b)(2) of the Bankruptcy Code as a reasonable exercise of the Debtor's sound business judgment in the best interest of the Estate.

  K. The provisions of Section 6 of the Plan governing determination of Allowed Claims, including with regard to subordinated, late-filed or late-amended, and contingent or unliquidated claims: (a) are an essential means of implementing the Plan pursuant to Section 1123(a)(5) of the Bankruptcy Code; (b) are important to the overall objectives of the Plan to promptly and finally resolve all Claims against the Estate and to provide for prompt and equitable distribution of liquidation proceeds to creditors under the Plan; (c) are intended to avoid prejudice to the estate and creditors resulting from late-filed or amended Claims or Claims whose resolution would otherwise unduly delay administration of the Estate; and (d) are consistent with Sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy

Code under the particular circumstances of this Chapter 11 case.

L.	The Plan complies with all the applicable provisions of the Bankruptcy Code and has been proposed in good faith and not by any means forbidden by law.

M.	The Plan Proponents, as proponents of the Plan, have complied with all the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court, and the Disclosure Order.

N.	Any payments to be made under the Plan for services or for costs and expenses in or in connection with this Chapter 11 case, or in connection with the Plan and incident to the Chapter 11 case, have been disclosed to this Court, and (i) to the extent such payments relate to pre-Effective Date services or expenses, such payments have been approved by or are subject to the approval of this Court as reasonable, and (ii) to the extent such payments relate to post-Effective Date services or expenses, the provisions of the Plan governing such payments are reasonable.

O.	The Plan Proponents have disclosed the identity and affiliations of the individual proposed to serve as the Plan Administrator under the Plan, and of the individuals designated to serve as members of the Plan Committee under the Plan, and the appointment of such individuals to serve is such roles is consistent with the interests of creditors and with public policy.

P.	No governmental regulatory approval is required to implement the Plan.

Q.	With respect to each impaired class of Claims, each holder of a Claim of such class either has accepted the Plan, or will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.  .

R.	Reliable and credible evidence was aduced or proffered at the Confirmation

Hearing that the Plan is feasible. Among other things, the Plan is a liquidating plan, the Debtor's estates have already been substantially liquidated, and the evidence showed that the Plan Administrator can make, or cause to be made, the distributions required under the Plan and otherwise perform the payment obligations under the Plan. Consequently, confirmation of the Plan is not likely to be followed by the need for further financial restructuring of the Debtor other than as proposed in the Plan.

S. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e), and no governmental unit has requested that this Court not confirm the Plan for this reason. The Debtor is not an individual and is not required to make domestic support obligations, and the Plan, therefore, need not provide for the payment thereof.

T All fees payable under Section 1930 of Title 28 of the United States Code as of the Effective Date have been paid or will be paid pursuant to the terms of the Plan on or before the Effective Date. The Plan also provides for payment of all such fees payable after the Effective Date.

U. There are no retiree benefits, as defined in Section 1114 of the Bankruptcy Code, to be provided for in the Plan.

V. The exculpation of the Debtor, each member of the Committee, the Plan Administrator, each member of the Plan Committee, and their representatives to the extent provided for by Section 8.4 of the Plan is appropriate under the circumstances of this Chapter 11 case, and is consistent with Section 1125(e) of the Bankruptcy Code and with public policy.

W. This Court may properly retain jurisdiction over the matters set forth in Section 8.11 of the Plan.

X.    This Court's findings and conclusions set forth herein, and any additional or subsidiary findings and conclusions made by this Court on the record at the Confirmation Hearing, are incorporated herein by reference.

Based upon the foregoing findings of fact and conclusions of law, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    Notice of the Confirmation Hearing and of the opportunity to object to confirmation of the Plan has complied with the terms of the Disclosure Order, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court, and the requirements for due process of law under the United States Constitution.

2.    The Plan is confirmed.  Except to the extent provided for by this Order, any and all objections to the Plan are overruled.

3.    On the Effective Date, the terms of the Plan and this Order shall be binding upon the Debtor, all holders of Claims, the Plan Administrator, the Plan Committee, and all other parties in interest in this Chapter 11 case, whether or not the Claim of such creditor is impaired under the Plan or addressed by the Plan and whether or not such creditor or other party in interest has filed, or is deemed to have filed, a proof of Claim, or has accepted or rejected or is deemed to have accepted or rejected the Plan.  The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.  The failure specifically to include or refer to any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court and the effect of this Order that the Plan be confirmed in its entirety.

4.    The appointment of SilverBloom Consulting, LLC, acting by and through its

7

President, Jamie Spencer, as the Plan Administrator is hereby authorized and approved, *provided* that the prospective Plan Administrator shall prior to the Effective Date obtain an appropriate surety bond with $13 million coverage and maintain such bond until the earlier of (i) entry of an order closing this Chapter 11 case, (ii) entry of an order of this Court authorizing the termination or modification of such surety bond, and (iii) the Plan Administrator's receipt of written authorization of the Plan Committee to terminate or modify such surety bond.   The appointment of the members of the Committee as the members of the Plan Committee is hereby authorized and approved.   The Plan Committee's retention of Weiner Law Firm, P.C. as counsel to the Plan Committee is hereby authorized and approved.   To the full extent necessary or appropriate to perform their respective duties under the Plan, each of the Plan Administrator and the Plan Committee shall be deemed the representative of the Estate pursuant to Section 1123(b)(2)(B) of the Bankruptcy Code and vested with standing to pursue any and all actions necessary or appropriate to the performance of its duties under the Plan.

5.     In accordance with in Section 7 of the Plan, the rejection of all executory contracts and unexpired leases of the Debtor that were not previously assumed and assigned pursuant by prior Order is hereby approved in all respects pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code.

6.     Entry of this Order shall be deemed entry of an order approving all settlements embodied in or underlying the Plan, pursuant to Sections 363, 1123 and 1129 of the Bankruptcy Code and Bankruptcy Rule 9019.

7.     The exculpation provisions of the Plan, under Section 8.4 of the Plan are hereby approved.

8.     Pursuant to Section 1142(b) of the Bankruptcy Code and any applicable state law,

each of the Plan Administrator and the Plan Committee is authorized to execute and deliver all agreements, instruments and documents and to take any and all other lawful actions necessary to consummate and to implement the Plan, all without further application to or action by this Court, except to the extent otherwise provided in the Plan.

9. Section 1146(a) of the Bankruptcy Code applies to any transfer or deemed transfer of any assets made pursuant to the Plan and occurring or deemed to occur on or after the date of entry of this Order, and all filing or recording officers, wherever located and by whomever appointed, are hereby directed to accept for filing or recording, and to file or record immediately upon presentation thereof by the Plan Administrator or the Plan Committee, any instrument of transfer without payment of any stamp tax, or similar tax imposed by federal, state, or local law. A copy of this Order shall be a recordable instrument notwithstanding any contrary provision of non-bankruptcy law. This Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

10. In accordance with Section 2.2 of the Plan, except as may otherwise be agreed by the Office of the United States Trustee, the Plan Administrator will be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until this Chapter 11 case is closed.

11. Pursuant to Section 1125(e) of the Bankruptcy Code, the Plan Proponents and their professionals are not liable for any violation of applicable law, rule or regulation governing the solicitation of acceptances of a plan reorganization on account of their solicitation of acceptances of the Plan, such matters having been undertaken in good faith and in compliance with the Bankruptcy Code.

12. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Plan Proponents shall within three (3) business days after entry of this Order serve upon all of the Debtor's known

9

creditors and other parties in interest, including all parties listed on the regular service list in this Chapter 11 case, notice of the entry of this Order, of the expected occurrence of the Effective Date, and of the deadline to file certain claims, substantially in the form attached as <u>Exhibit A</u>. Mailing of such notice in the time and manner set forth in this paragraph is adequate and satisfies the requirements of Bankruptcy Rules 2002(f)(7) and 3020(c), and no further notice is necessary.

13.     Notwithstanding Section 8.6 of the Plan, in the unexpected event that there are surplus funds available to the Estate after payment in full of all Allowed Claims, the Plan Administrator and the Plan Committee shall not distribute such surplus funds to the Debtor but shall instead cause such funds to be deposited with this Court.

14.     From and after the date of entry of this Order until entry of the final decree closing this Chapter 11 case pursuant to Section 350 of the Bankruptcy Code, the Plan Administrator and the Plan Committee shall jointly be responsible for (i) complying with MLBR 3022-1 in accordance with Section 5.9 of the Plan, and (ii) filing monthly post-confirmation reports with the Office of the United States Trustee (the "<u>UST</u>") in the standard form of the "Monthly Post-Confirmation Summary Report" located at the UST's website at [http://www.justice.gov/ust/r01/reg_info.htm](http://www.justice.gov/ust/r01/reg_info.htm).

15.     Except as otherwise provided in the Plan, this Order shall supersede any prior orders to the extent that such orders are inconsistent with this Order.

16.     The provisions of the Plan and of this Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Order shall govern and any such provision of this Order shall be deemed a modification of

10

the Plan and shall control and take precedence.

17. This Court shall retain jurisdiction over this Chapter 11 case in accordance with the provisions of Section 8.11 of the Plan, Section 1142 of the Bankruptcy Code, and Bankruptcy Rule 3020(d).

Dated: 4/23/2021

_____
Honorable Elizabeth D. Katz
United States Bankruptcy Judge

**Exhibit A to Order Confirming Joint Liquidating Plan**

**[Form of Notice of Entry of Plan Confirmation Order and Related Matters]**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Western Division)

|  |  |
|---|---|
| In re:<br><br>GKS CORPORATION<br><br>                 Debtor. | Chapter 11<br><br>Case No. 19-30998-EDK |

## NOTICE OF ENTRY OF ORDER CONFIRMING JOINT LIQUIDATING PLAN

To creditors of GKS Corporation (the "Debtor") and to other parties in interest:

    **PLEASE TAKE NOTICE** that by order dated April \_\_\_, 2021, the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") confirmed the Joint Liquidating Plan of the Debtor and the Official Committee of Unsecured Creditors dated January 11, 2021 [Doc. No. 239], as modified [Doc No. 284] (the "Plan"), which Plan was jointly proposed by the Debtor and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtor, the "Plan Proponents").  The effective date of the Plan (the "Effective Date") is expected to occur on May \_\_\_, 2021.

    On the Effective Date, creditors holding allowed claims against the Debtor's bankruptcy estate will be entitled to receive the treatment of their allowed claims in accordance with the provisions of the Plan.  The Plan provides for full payment of allowed secured claims, administrative claims, and priority tax claims, and provides for holders of allowed general unsecured claims to share in distributions to be made under the Plan.

    Any entity asserting a right to payment of an administrative claim pursuant to Sections 503 and 507 of the Bankruptcy Code (other than a claim for compensation of a professional employed in this Chapter 11 case) arising before the Effective Date and still outstanding and unpaid by the Effective Date must, in order to preserve its right to payment of any such claim that may be allowed by the Bankruptcy Court, file a request for payment of such administrative claim by no later than **the 30th day after the Effective Date (the "Administrative Claims Bar Date")** with the Office of the Clerk, United States Bankruptcy Court, United States Courthouse, 300 State Street, Springfield, MA 01105, with a copy served so as to be received by the Administrative Claims Bar Date by undersigned counsel to the Plan Proponents and by such other entities as required by the Federal Rules of Bankruptcy Procedure.  (*As noted, the Plan Proponents currently expect that the Effective Date will occur on May \_\_\_, 2021, in which case the Administrative Claims Bar Date will be June \_\_\_, 2021.*)

      Any application (a "Fee Application") of a professional employed in the Debtor's Chapter 11 case for compensation under Section 330 of the Bankruptcy Code for services through the Effective Date must be filed with the Clerk of the Bankruptcy Court at the address set forth in the foregoing paragraph, and a copy served upon undersigned counsel to the Plan Proponents, by no later than the Administrative Claims Bar Date.

Dated: April ___, 2021

| GKS CORPORATION, | OFFICIAL COMMITTEE OF UNSECURED CREDITORS |
|---|---|
| By its attorneys, | By its attorneys, |
| */s/ A. Davis Whitesell* | /s/ *Gary M. Weiner* |
| Michael J. Goldberg (BBO #551869) | Gary M. Weiner (BBO #548341) |
| A. Davis Whitesell (BBO #551462) | Weiner Law Firm, P.C. |
| Casner & Edwards, LLP | 1441 Main Street, Suite 610 |
| 303 Congress Street | Springfield, MA 01103 |
| Boston, MA 02210 | Tel.: 413-732-6840 |
| Tel: 617-426-5900 | Email: gweiner@weinerlegal.com |
| Email: whitesell@casneredwards.com | |